IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ZACHARY SHEETS                                                                                           PLAINTIFF

v.                                      Civil No. 6:23-CV-06025-SOH-MEF

DOES                                                                                                    DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to obey Court Orders and failure to prosecute this case.

### I.     BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on March 6, 2023. (ECF No. 1). It was transferred to this District that same day. On April 17, 2023, the Court entered an Order directing Plaintiff to submit an Amended Complaint by May 8, 2023, to correct deficiencies in his initial Complaint. (ECF No. 5). When Plaintiff failed to do so, the Court entered a Show Cause Order directing a Response by June 6, 2023. (ECF No. 6). This Order was returned as undeliverable on May 30, 2023. (ECF No. 7). On June 29, 2023, Plaintiff contacted the Court by telephone, indicated he had been released from custody, and provided a new address. Because Plaintiff was no longer incarcerated, the Court entered an Order directing Plaintiff to submit an *in forma pauperis* application reflecting his free-world financial status by July 21, 2023. (ECF No. 8). Plaintiff did so on July 17, 2023, and was granted IFP status on July 18, 2023. (ECF Nos. 9, 10).

On July 25, 2023, the Court entered a second Order directing Plaintiff to submit an Amended Complaint. (ECF No. 11). When Plaintiff again failed to do so, the Court entered a Second Show Cause Order directing a Response by September 12, 2023. (ECF No. 12). This Order was not returned as undeliverable. To date, Plaintiff has failed to submit an Amended Complaint.

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . .. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.     ANALYSIS

Plaintiff has failed to comply with two Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2),

Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of September 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE